IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, 2400 Research Boulevard, Suite 500, Rockville, MD 20850, <br><br> and <br><br> TRUSTEES OF THE NATIONAL ELECTRICAL ANNUITY PLAN, 2400 Research Boulevard, Suite 500, Rockville, MD 20850, <br><br> Plaintiffs, <br><br> v. <br><br> SEMPER UTILITIES, LLC, a New Jersey limited liability company, 16 Canyon Drive, Berlin, NJ 08009 <br><br> Defendant. | Civil Action No. 8:21-cv-1806 |

## COMPLAINT

1. This is an action brought by the Trustees of multiemployer pension plans, the National Electrical Benefit Fund (hereinafter the "NEBF") and the National Electrical Annuity Plan (hereinafter the "NEAP"), to collect delinquent contributions and related sums from Defendant Semper Utilities, LLC, an employer that is obligated to contribute to the NEBF and the NEAP pursuant to the provisions of its collective bargaining agreements and the NEBF and the NEAP plan documents.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. 1132(e). Plaintiffs are fiduciaries to the NEBF and the NEAP, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. 1132(a)(3), and 1145. Venue is proper because the NEBF and the NEAP are administered within this district. ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). NEBF is a defined benefit plan as defined by Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. The NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan as defined by Section 3(34) of ERISA, 29 U.S.C. § 1002(34). The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

6.      Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

7.      Defendant Semper Utilities, LLC is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF and the NEAP, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5). Upon information and belief, Defendant is a New Jersey limited liability company whose main place of business is 16 Canyon Drive, Berlin, NJ 08009.

## STATEMENT OF CLAIM

### Allegations Common to Claims by NEBF and NEAP

8.      Defendant is a signatory and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 70 and 126 as the collective bargaining representatives of its employees. Pursuant to the Collective Bargaining Agreements, Defendant is obligated to submit contributions to NEBF and NEAP on behalf of its employees covered by the Collective Bargaining Agreements for all relevant periods.

9.      Section 515 of ERISA requires an employer to make contributions to a multiemployer plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

10.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

11.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid

3

contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

### NEBF's Claims

12. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("NEBF Trust Agreement"), which has governed the administration of NEBF at all times relevant to this action.

13. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including audit costs and attorneys' fees, incurred in collecting the delinquency.

14. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant failed to make all of its required contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

15. According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $13,416.28 in contributions for work performed during the period January through November 2020.

16. Interest on the NEBF delinquent contributions through the date hereof is equal to $767.50.

17. Liquidated damages on the NEBF delinquent contributions are equal to $2,683.25.

4

18. Defendant has refused and failed to file payroll reporting forms for the period January 2021 through the present, it is unknown what amounts are due to NEBF.

19. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to the NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

20. The NEBF's Trustees are authorized by the NEBF Trust Agreement and by ERISA to recover interest on delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorney's fees and expenses and audit costs, incurred in collecting the delinquency.

21. NEBF has incurred attorneys' fees and costs in connection with its attempts to collect the delinquent contributions.

### NEAP's Claims

22. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan ("NEAP Trust Agreement"), which have governed the administration of NEAP at all times relevant to this action.

23. The NEAP Trust Agreement authorizes the Trustees to take all actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount

equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and costs, and audit expenses, incurred in collecting the delinquency.

24. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEAP Trust Agreement, Defendant failed to make all of its required contributions to NEAP on behalf of the employees covered by the Collective Bargaining Agreements.

25. According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $241.08 in contributions for work performed in May 2020.

26. Interest on the NEAP delinquent contributions through the date hereof is equal to $23.03.

27. Liquidated damages on the NEAP delinquent contributions are equal to $48.22.

28. Defendant has refused and failed to file payroll reporting forms for the period January 2021 through the present, it is unknown what amounts are due to NEAP30.

29. Despite Defendant's breaches of its obligations, the Trustees of NEAP may be required to provide benefits to NEAP participants employed by Defendant, upon their retirement, based on the total amount of their individual accounts, which would include contributions which Defendant was required, but failed, to contribute.

30. NEAP has incurred attorneys' fees and costs in connection with its attempts to collect the NEAP Delinquent Contributions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NEBF prays for judgment in its favor and against Defendant, and that the Court's judgment includes:

**(a)** **$13,416.28**, representing unpaid delinquent contributions due and owing the NEBF for the work performed between January through November 2020;

**(b)** **$767.50**, representing interest on the aforementioned delinquent contributions calculated at a rate of 10% per annum through the date hereof, plus an award of interest accruing from now until contributions are paid in full;

**(c)** **$2,683.25**, representing liquidated damages in the amount of 20% of the contributions due and owing the NEBF;

**(d)** An order directing Defendant to file its payroll reporting forms and corresponding contributions for the period January 2021 through the present; and

**(e)** an award of all reasonable attorneys' fees and the costs of this action.

WHEREFORE, Plaintiff NEAP prays for judgment in its favor and against Defendant, and that the Court's judgment includes:

**(a)** **$241.08**, representing unpaid delinquent contributions due and owing the NEBF for the work performed in May 2020;

**(b)** **$23.03**, representing interest on the aforementioned delinquent contributions calculated at a rate of 10% per annum through the date hereof, plus an award of interest accruing from now until contributions are paid in full;

**(c)** **$48.22**, representing liquidated damages in the amount of 20% of the contributions due and owing the NEBF;

**(d)** An order directing Defendant to file its payroll reporting forms and corresponding contributions for the period January 2021 through the present; and

**(e)** an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

Dated:  July 21, 2021            */s/  Jennifer Bush Hawkins*
                                 Jennifer Bush Hawkins (13064)
                                 POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
                                 900 7th Street NW, Suite 1020
                                 Washington, DC 20001
                                 Phone: 202-223-0888
                                 jhawkins@phk-law.com

                                 *Attorney for Plaintiffs*
                                 *Trustees of the National Electrical Benefit Fund*
                                 *and Trustees of the National Electrical Annuity*
                                 *Plan*